John HART and Mabel Hart, Plaintiffs,

v.

PENNSYLVANIA TURNPIKE COMMISSION, Defendant.

Civ. A. No. 75–1283.

United States District Court,
W. D. Pennsylvania.

Oct. 20, 1977.

Laughlin, Gilardi & Cooper, Pittsburgh, Pa., for plaintiffs.

Richard S. Dorfzaun, Dickey, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

COHILL, District Judge.

Plaintiffs allege that on February 12, 1975, while they were driving east on the Pennsylvania Turnpike near Bedford, Pennsylvania, a snowplow dislodged a block of snow from a bridge; the snow landed on the plaintiffs' vehicle, resulting in an accident.

The defendant, the Pennsylvania Turnpike Commission, operates and maintains the Turnpike pursuant to statute. 36 P.S. § 652a. The Commission filed a motion for summary judgment, following which both parties submitted memoranda of law and argued the motion orally.

In 1975 the plaintiffs had filed in this court an action against three individuals arising out of this same occurrence. They had alleged that one of the three defendants had been operating the snowplow in question and sought damages. Judge Edward Dumbauld of this court granted a motion to dismiss, holding that the named defendants were employees of the Pennsylvania Department of Transportation and that since the Department of Transportation is immune from liability for negligence, its employees should not be held liable either, stating in his Order of March 11, 1976:

". . . the Court being of opinion that responsibility for negligent performance of such employment injurious to the public should fall on the employer rather than upon the individual employees, but that at present the legislature has failed to make adequate provision for imposing such liability on the Commonwealth, and hence that the motion to dismiss should be granted."

The defendant seeks the dismissal here on the grounds that the defendant never performed any snow removal from the bridge in question (as per affidavit of Joseph A. Kling, Deputy Executive Director—Maintenance for the Pennsylvania Turnpike Commission—Exhibit 7 of the motion).

The plaintiffs argue that their theory of the case is not that the snowplow belonged to the Turnpike Commission or was operated by its employees, but rather that the Commission had failed to warn or remedy an unreasonable risk of harm to motorists on the Turnpike, when the defendant knew or should have known of the hazardous condition created by the snow removal operation on the bridge.

The Pennsylvania Supreme Court has held that the Pennsylvania Turnpike Commission is not immune from suit in tort. *Specter v. Commonwealth*, 462 Pa. 474, 341 A.2d 481, 491 (1975).

Plaintiffs argue that since the defendant is not immune, Section 344 of the Restatement of Torts 2d applies. This reads as follows:

"§ 344. Business Premises Open to Public: Acts of Third Persons or Animals

A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to

   (a) discover that such acts are being done or are likely to be done, or

   (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise protect them against it."

The Act which created the Turnpike Commission, 36 P.S. § 652a *et seq.* does empower it to become a possessor of land. See specifically 36 P.S. § 652d and § 652f.

■ Motorists on the Pennsylvania Turnpike must pay a toll. In charging drivers for the use of the roadway, the Turnpike Commission is in fact holding it open to the public for entry for its own business purposes, and we conclude that the standard of care which the defendant thereby owes to users of the Turnpike is that outlined in § 344 of the Restatement.

■ Thus, while we agree with the defendant's contention that there is no factual dispute that the snowplow did not belong to the defendant and that it was not operated by an employee of the defendant, there remain questions of fact to be determined. For example: What was the proximate cause of the accident? What steps did the defendant take to protect Turnpike users? Were those steps sufficient or insufficient?

We will therefore deny the motion.

AND NOW, to-wit, this 20th day of October, 1977, IT IS HEREBY ORDERED AND DECREED that defendant's motion for summary judgment be and is denied.