Philips Brothers Electrical Contractors, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Turnpike Commission, Respondent.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Mary Ann Rossi,* with her *Ross A. Unruh, MacElree, Harvey, Gallagher, O'Donnell & Featherman, Ltd.,* for petitioner.

*E. J. Strassburger, Strassburger, McKenna, Messer, Shilobod & Gutnick,* for respondent.

OPINION BY JUDGE DOYLE, September 2, 1983:

Petitioner, Philips Brothers Electrical Contractors, Inc. (Philips), appeals the adjudication of the Pennsylvania Turnpike Commission (Commission) which declared Philips in default on its bid bond.

In May of 1982 the Commission advertised for bids upon which to award contracts for the expansion and renovation of the Turnpike's Willow Grove Interchange. In response to the advertisement, Philips sub-

mitted the low bid on the contract for electrical work. Two days after the bids were opened, Philips attempted to withdraw its bid due to a $100,000 mathematical error in its computation. The Commission refused to accept the withdrawal, and on June 15 awarded the contract to Philips. Following the refusal of the Commission to hold a hearing pursuant to the Act of January 23, 1974, P.L. 9, 73 P.S. §§1601-08 (hereinafter referred to as the Bid Withdrawal Act), Philips petitioned this Court in our original jurisdiction, requesting that we order the Commission to comply with the terms of the Act. On September 1, 1982, this Court held that we had no original jurisdiction over the Pennsylvania Turnpike Commission, and transferred the petition to the Dauphin County Court of Common Pleas.[1]

During the pendency of this petition, the Commission met on July 13, 1982 and formally adopted a resolution declaring Philips to be in default on its bid bond. In response, Philips filed the instant petition in our appellate mode, requesting review of the Commission's resolution. On September 23, 1982, a stay was granted by this Court.[2] On December 6, 1982, the Commission filed a Motion to Quash for lack of jurisdiction, which was directed to be heard together with the instant petition.

In its Motion to Quash, the Commission argues that the Commonwealth Court has no appellate

_____

[1] *Philips Brothers Electrical Contractors, Inc. v. Pennsylvania Turnpike Commission*, (No. 1637 C.D. 1982, filed September 1, 1982). The Commission filed an appeal from this order which was subsequently discontinued.

[2] *Philips Brothers Electrical Contractors, Inc. v. Pennsylvania Turnpike Commission*, (No. 1844 C.D. 1982, filed October 6, 1982). The Commission's Application for Reargument En Banc was denied, and the Commission filed an application for review with the Pennsylvania Supreme Court, which is still pending.

jurisdiction in this case because it lacks original jurisdiction over the Commission. However, this issue has already been considered and resolved in the instant petition by the memorandum opinion of October 1, 1982, granting petitioner's Motion for Stay. In this opinion, Judge LEHMAN correctly distinguishes this Court's original jurisdiction from its appellate jurisdiction:

> It is true that we have held that, under 42 Pa. C. S. §761(a)(1), the Commission does not fall within our original jurisdiction because it is not part of the Commonwealth government.... Our appellate jurisdiction, on the other hand, gives us the power to review decisions by a "Commonwealth agency," ... and that term is defined to include "[a]ny executive or independent agency." ... We believe that the commission is such an independent agency, and that we have appellate jurisdiction over its determinations. (Citations omitted.)

*Philips Brothers Electrical Contractors, Inc. v. Pennsylvania Turnpike Commission*, (No. 1844 C.D. 1982, filed October 1, 1982), slip op. at 2. We concur with Judge LEHMAN's reasoning in this matter and reaffirm his holding that we have appellate jurisdiction over the Commission. We therefore deny the Motion to Quash.

Having resolved the issue of jurisdiction, we find that we are unable to reach the merits of the petitioner's claim because of the lack of a proper adjudication by the Commission. The Commission entered its resolution on this matter without affording Philips a formal hearing. The Commission contends that it denied Philips' request for a hearing under the Bid Withdrawal Act because that Act was not applicable to Philips' contract.[3] Regardless of the applicability of

---

[3] Section 2 of the Bid Withdrawal Act, 73 P.S. §1602, provides that a bidder on a public contract may withdraw its bid when it

the Bid Withdrawal Act, however, Philips was entitled to a hearing under Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504, which states:

> No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.

Because the Commission held no hearing on this matter, its resolution was invalid. *Callahan v. Pennsylvania State Police*, 494 Pa. 461, 431 A.2d 946 (1981). Since we do not have a record or statement of agreed upon facts which would enable us to dispose of the case,[4] we must remand to the Commission for a hearing and an adjudication.

## ORDER

Now, September 2, 1983, the Motion to Quash for lack of jurisdiction is hereby denied. The adjudication of the Pennsylvania Turnpike Commission, dated July 13, 1982, is hereby vacated, and the matter remanded to the Pennsylvania Turnpike Commission for hearing and adjudication. Jurisdiction is relinquished.

---

contains a substantial error, provided that it give written notice within two days of the opening of the bids. Section 4 of the Act, 73 P.S. §1604, requires a hearing whenever a bidder's right to withdraw is disputed. The Commission contends that the Bid Withdrawal Act is inapplicable because the Act expressly excludes contracts for "highway work." Philips argues that its contract did not involve "highway work."

[4] *See Groman v. Officers' and Employees' Pension Board of the City of Bethlehem*, 69 Pa. Commonwealth Ct. 447, 451 A.2d 789 (1982).