550 A.2d 261

Patricia A. Bradley, Appellant *v.* Pennsylvania Turnpike Commission and Denise Ucci, Appellees.

Argued June 15, 1988, before Judge SMITH, and Senior Judges KALISH and NARICK, sitting as a panel of three.

Lee Albert, with him, Bernard M. Gross, and Ilissa Zimmerman, Gross, Sklar & Metzger, P.C., for appellant.

Peter J. Weber, with him, Lowell A. Reed, Jr., and Gerhard P. Dietrich, Rawle & Henderson, for appellees.

OPINION BY SENIOR JUDGE NARICK, November 10, 1988:

Patricia A. Bradley (Appellant) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted a demurrer in favor of the Pennsylvania Turnpike Commission (Commission) and dismissed Appellant's complaint on the basis that the Commission was immune from suit pursuant to 42 Pa. C. S. §8521 (sovereign immunity). We affirm.

On March 26, 1986, Appellant filed a complaint in trespass against the Commission for injuries she allegedly sustained as a passenger in a motor vehicle which was struck by a deer on the turnpike on October 27, 1985. On April 23, 1986, the Commission filed preliminary objections raising two issues: 1) whether venue was proper in Philadelphia,[1] and 2) whether a demurrer to

---

[1] By order dated November 20, 1986, the trial court overruled Appellant's preliminary objection to venue. Neither the question of venue nor the order of November 25, 1986 is at issue before this Court.

the complaint should be sustained on the basis of sovereign immunity. The trial court determined that the Commission was entitled to immunity and that Appellant's claim did not fall within the eight exceptions to immunity under 42 Pa. C. S. §8522(b).[2] On appeal, Appellant argues that the Commission is an independent corporation excluded from the protection of sovereign immunity and that a cause of action in negligence lies against the Commission for a dangerous condition on the highway created by the entry of animals. In the alternative, Appellant argues that the Commission created and maintained a dangerous condition as contemplated by the exceptions to the immunity statute. We disagree.

In an appeal from an order sustaining preliminary objections in the nature of a demurrer, we are constrained to examine only the well-pleaded facts of the complaint; a demurrer admits those facts and any inferences reasonably deducible therefrom. *Easton Area Joint Sewer Authority v. Bushkill—Lower Lehigh Joint Sewer Authority*, 71 Pa. Commonwealth Ct. 553, 455 A.2d 286 (1983).

Appellant argues firstly that the Commission is a corporation separate and apart from the Commonwealth and not immune from suit in tort. In particular, Appellant relies on the case of *Specter v. Commonwealth of Pennsylvania, Pennsylvania Turnpike Commission*, 462 Pa. 474, 341 A.2d 481 (1975). In *Specter*, Irving and Marie Specter, Appellants, were injured in a collision on the turnpike caused by a turnpike employee's negligent operation of a turnpike-owned vehicle. The Court in *Specter* reviewed prior case law and concluded that

---

[2] Initially this case was appealed to the Superior Court of Pennsylvania. The Superior Court, *sua sponte,* raised the issue of its jurisdiction and by order of December 2, 1987, transferred the appeal to this Court.

the Turnpike Commission was separate and apart from the Commonwealth and could not raise the defense of immunity.

However, Appellants' argument must fail in that the sovereign immunity provisions here at issue, 42 Pa. C. S. §§8521 and 8522, were enacted subsequent to the *Specter* decision. Section 8522 provides, in part:

Exceptions to sovereign immunity.

(a) Liability imposed—The General Assembly, pursuant to Section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in section 8528 (relating to limitations on damages), *sovereign immunity as a bar to an action against Commonwealth parties,* for damages arising out of a negligent act where the damages will be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa. C. S. §8522 (emphasis added). "Commonwealth parties" is defined to include "Commonwealth agencies" under 42 Pa. C. S. §8501.[3] Under 42 Pa. C. S. §102, "Commonwealth agency" is defined as an executive or independent agency. Independent agency is defined, in part, under the same section as: "Boards, Commissions, authorities, and other agencies and officers of the Commonwealth government which are not subject to the policy, supervision and control of the government. . . ." Under Section 102 of Commonwealth Attorneys Act, 71

---

[3] That section pertinently provides:

'Commonwealth party.' A Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment.

P. S. §732-102,[4] a complete list of independent agencies is listed and the Turnpike Commission is one of the independent agencies enumerated. Finally, in *Phillips Brothers Electrical Contractors, Inc. v. Commonwealth of Pennsylvania, Pennsylvania Turnpike Commission,* 77 Pa. Commonwealth Ct. 26, 465 A.2d 60 (1983), we held that the Turnpike Commission was an independent agency and therefore a Commonwealth agency.[5] Accordingly, we conclude that the Commission is a Commonwealth agency entitled to sovereign immunity.

Appellant next argues that under *Hart v. Pennsylvania Turnpike Commission,* 438 F. Supp. 573 (W.D. Pa. 1977)[6] and Section 344 of the Restatement (Second) of Torts (1982), Appellant was a business invitee upon the Commission's premises, and the Commission had a reasonable duty to protect her from or warn her of animals running at large. Therefore, Appellant concludes that this duty is a question of fact for jury consideration. Alternatively, Appellant argues that her cause of action falls within one of the eight exceptions to sovereign immunity set forth in 42 Pa. C. S. §8522(b). In particular, the Appellant alleges that allowing deer onto the turnpike creates a "dangerous condition" which would fall under the exception articulated in 42 Pa. C. S. §8522(b)(4).

---

[4] Act of October 15, 1980, P.L. 950.

[5] Appellant has referred to the Commission as a Commonwealth agency in her complaint.

[6] In *Hart,* the plaintiffs were operating a motor vehicle on the turnpike when a snowplow, not belonging to the turnpike or operated by its employees, dislodged a block of snow which fell from a bridge and landed on their vehicle. The Court denied the turnpike's motion for summary judgment and held it duty bound to exercise the standard of care outlined in Section 344 of the Restatement (Second) of Torts (1982).

We concur with the trial court, however, that the legislature has specifically excluded Commonwealth agencies from claims arising from any injuries caused by wild animals:

(b) **Acts which may impose liability**—The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity should not be raised to claims for damages caused by:

. . . .

(6) *Care, custody or control of animals*—The care, custody or control of animals in the possession or control of a Commonwealth party, including but not limited to police dogs and horses and animals incarcerated in Commonwealth agency laboratories. *Damages shall not be recoverable under this paragraph on account of any injury caused by wild animals, including but not limited to bears and deer except as otherwise provided by statute.* (Emphasis added.)

42 Pa. C. S. §8522(b)(6). We have held that these sections are to be strictly construed. *Davidow v. Anderson,* 83 Pa. Commonwealth Ct. 86, 476 A.2d 998 (1984). Further, this Court has rejected a similar argument in *Rippy v. Fogel,* 108 Pa. Commonwealth Ct. 296, 299, 529 A.2d 608 (1987). In *Rippy,* we stated:

Short of fencing every inch on Commonwealth-owned highways in non-urban areas or permitting a wholesale obliteration of this Commonwealth's deer population, we can conceive no method of correcting the problem of wild animals wandering onto the highways. As neither of these methods is feasible, the problem of wild animals on the highways is simply not 'conceiva-

bly correctable' and for that reason, Mistecka is inapposite.[7] (Footnote omitted.)

*Id.* at 299, 529 A.2d at 610.

Accordingly, we affirm the dismissal of Appellant's complaint.

## ORDER

AND NOW, this 10th day of November, 1988, the decision of the Court of Common Pleas of Philadelphia County in the above-captioned case is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

[7] In *Mistecka v. Commonwealth*, 46 Pa. Commonwealth Ct. 267, 408 A.2d 159 (1979), the plaintiff was injured when rocks were thrown on her automobile by unknown assailants from a state highway overpass. We held that a "dangerous condition" existed under 42 Pa. C. S. §8522(b)(4), an exception to immunity, and imposed liability on the state.