IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph George Brimmeier, III,           :
                          Petitioner     :
                                         :
              v.                         :
                                         :
Pennsylvania Turnpike Commission,        :    No. 257 M.D. 2016
                          Respondent     :    Submitted: June 3, 2016

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION BY
JUDGE COVEY                              FILED: September 19, 2016


The Pennsylvania Turnpike Commission (Commission) filed preliminary objections in the nature of a demurrer and motion to strike to Joseph George Brimmeier, III's (Brimmeier) Complaint setting forth causes of action in mandamus, declaratory judgment, breach of contract, promissory estoppel and misrepresentation (Complaint) filed in this Court's original jurisdiction. The sole issue before the Court is whether the Complaint states a claim upon which relief may be granted. After review, we sustain the Commission's preliminary objections and dismiss Brimmeier's Complaint.

This Court's review of preliminary objections is limited to the pleadings. *Pa. State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007).

> [This Court is] required to accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will

not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415-16 (citations omitted).

According to the Complaint, Brimmeier was the Commission's Chief Executive Officer (CEO) from February 2003 to March 2011. *See* Complaint ¶ 5. The Attorney General's Office (AG) filed criminal charges against Brimmeier for allegedly wrongful conduct relating to vendor contract awards made within the scope of his employment.[1] *See* Complaint ¶ 6. Brimmeier avers in his Complaint that all of

---

[1] Brimmeier was charged under the Crimes Code as follows:

> Count 1 - Section 911(b)(3) - 18 Pa.C.S. § 911(b)(3) (corruption by an employee) (F1)

> Counts 2, 11 - Section 911(b)(4), 18 Pa.C.S. § 911(b)(4) (conspiracy to commit corruption under Section 911 of the Crimes Code) (F1)

> Count 3 - Section 4108(b) - 18 Pa.C.S. § 4108(b) (corruption by a disinterested person) (M2)

> Count 5 - Section 901(a), 18 Pa.C.S. § 901(a) (attempted corruption by a disinterested person) (M2)

> Counts 8, 10 - Section 903(c), 18 Pa.C.S. § 903(c) (conspiracy to commit corruption by an employee) (F1)

*See* Complaint Ex. 1 (Brimmeier's December 4, 2014 reimbursement request letter), Attachment A (Criminal Docket) at 1-4, 21.

The AG also charged him with two counts (Counts 4 and 12) of violating Section 4503(a)(1) of the Commonwealth Procurement Code (Procurement Code), 62 Pa.C.S. § 4503(a)(1) (government contract bid-rigging) (F3). *Id.*

In addition, the AG charged Brimmeier under Section 1103 of the Public Official and Employee Ethics Act (Ethics Act) as follows:

> Counts 6, 9   - Section 1103(a), 65 Pa.C.S. § 1103(a) (conflict of interest) (F)

> Count 7 - Section 1103(c), 65 Pa. C.S. § 1103(c) (accepting improper influence) (F)

*Id.*

2

the charges were either dismissed or *nolle prossed*, and that he pled guilty to a charge unrelated to the allegations underlying the original charges. *See* Complaint ¶ 11. Brimmeier's representation notwithstanding, according to the documents attached to the Complaint, all but one of Brimmeier's charges were dismissed or *nolle prossed* on November 20, 2014.[2] *See* Attachment A (Criminal Docket) of Complaint Ex. 1 (Brimmeier's December 4, 2014 reimbursement request letter), incorporated by reference in Complaint ¶ 12. Brimmeier pled guilty to a remaining felony violation of Section 1103(a) of the Public Official and Employee Ethics Act (Ethics Act)[3] (conflict of interest),[4] for accepting free hospitality and contributions to former Governor Rendell's campaign from Orth-Rodgers & Associates (Orth-Rodgers) while advocating that the Commission award Orth-Rodgers a sole source contract for the design and construction of a fog detection, traveler information and dynamic traffic control system for the Sideling Hill area of the Pennsylvania Turnpike. *See* Complaint Ex. 1, Attachments A-C.

By December 4, 2014 letter to the Commission, Brimmeier requested reimbursement of $300,261.00 in legal fees and costs he incurred during the investigation and defense of the dismissed or *nolle prossed* charges, pursuant to Commission Policy and Procedure No. 10.4 (Policy 10.4). *See* Complaint ¶¶ 12, 14-19. According to the Complaint, under Policy 10.4,

> the Commission may authorize the reimbursement of legal fees in a criminal case based upon either of the following two findings: (1) if the Chief Counsel determines that there

---

[2] Count 10 was withdrawn pursuant to Pennsylvania Rule of Criminal Procedure 561(B) (failure to list the charge on the information). Counts 11 and 12 were dismissed. Counts 1-8 were *nolle prossed*. *See* Complaint Ex. 1, Attachment A at 1-4. Count 9 (conflict of interest) remained.

[3] 65 Pa.C.S. § 1103(a).

[4] According to the Guilty Plea Agreement (Agreement), Brimmeier pled guilty to Count 6 (conflict of interest). *See* Complaint Ex. 1, Attachment B at 1. Handwritten notes on the Agreement reference: "Add Ct. 9." *Id.* According to the Criminal Docket, Brimmeier pled guilty to the Count 9 conflict of interest charge. *See* Complaint Ex. 1, Attachment A at 21.

3

is no basis for the prosecution as a matter of law or fact; and/or (2) if the employee's defense is successful.

Complaint ¶ 15.  Brimmeier stated: "There has been no formal written response to [his reimbursement request], however, a verbal response was directed to [Brimmeier's counsel] indicating that the [Commission] is declining to reimburse the subject fees and costs."  Complaint ¶ 13.

On October 13, 2015, Brimmeier filed the Complaint with the Allegheny County Common Pleas Court (trial court) seeking relief in mandamus, declaratory judgment, breach of contract, promissory estoppel and misrepresentation.[5]  The Commission filed preliminary objections raising: subject matter jurisdiction (with a motion to transfer the matter to this Court) (First Preliminary Objection); immunity and a demurrer to the mandamus and declaratory judgment claims (Second Preliminary Objection); and, motions to strike the breach of contract and promissory estoppel claims (Third Preliminary Objection).  The trial court granted the Commission's First Preliminary Objection, and transferred the Complaint to this Court on March 7, 2016.  On April 26, 2016, this Court ordered the parties to brief the Commission's Second and Third Preliminary Objections, which are currently before the Court.

---

[5] Brimmeier filed an identical complaint with this Court (No. 530 M.D. 2015) on November 5, 2015, in the Court's original jurisdiction.  The Commission filed an application to confirm jurisdiction and perfect a transfer to the trial court.  This Court denied, without prejudice, the Commission's application to file a motion to transfer the matter to the trial court, and the matter was closed.

4

## Commission's Second Preliminary Objection – Demurrers

### Demurrer – Sovereign Immunity

The Commission objects to the Complaint on the basis that "each of [Brimmeier's] five causes of action . . . is barred by sovereign immunity."[6] Commission Prelim. Obj. ¶ 21.

Initially,

> [t]he Pennsylvania Constitution provides that the Commonwealth and its officers and employees may only be sued where the General Assembly has authorized the suit. Pa. Const. art. 1 § 11. The General Assembly has specified that 'the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity.' 1 Pa.C.S. § 2310.

*Russo v. Allegheny Cnty.*, 125 A.3d 113, 116 (Pa. Cmwlth. 2015). The "Commission is a[n independent] Commonwealth agency entitled to sovereign immunity[,]" except where the General Assembly has expressly stated otherwise. *Bradley v. Pa. Tpk. Comm'n*, 550 A.2d 261, 263 (Pa. Cmwlth. 1988); *see also* Section 2.32 of the Administrative Code, 4 Pa. Code § 2.32. Because immunity is the rule, we must narrowly construe any exceptions thereto. *See Gale v. City of Phila.*, 86 A.3d 318

---

[6]  [U]nder the Pennsylvania Rules of Civil Procedure, immunity from suit is an affirmative defense that must be pled in a responsive pleading under the heading new matter, not as a preliminary objection. We recognize that courts have permitted limited exception to this rule and have allowed parties to raise the affirmative defense of immunity as a preliminary objection**.** The affirmative defense, however, must be clearly applicable on the face of the complaint. Where the plaintiff does not object to the improper procedure, courts have ruled on the affirmative defense of immunity raised by preliminary objections.

*Smolsky v. Pa. Gen. Assembly*, 34 A.3d 316, 321 n.7 (Pa. Cmwlth. 2011) (citations omitted). Here, Brimmeier did not object to the Commission's improper procedure.

(Pa. Cmwlth. 2014); *see also Quinones v. Dep't of Transp.*, 45 A.3d 467 (Pa. Cmwlth. 2012).

Although the Commission objects because *all five* of Brimmeier's claims are barred by sovereign immunity, the Commission only discusses Brimmeier's breach of contract, promissory estoppel and misrepresentation claims. Notwithstanding, the law is clear that sovereign immunity does not bar either mandamus or declaratory judgment actions. *See Banfield v. Cortes*, 922 A.2d 36, 43 (Pa. Cmwlth. 2007) (quoting *Maute v. Frank,* 657 A.2d 985, 986 (Pa. Super. 1995) ("Actions in mandamus are not subject to the defense of sovereign immunity.")); *see also Finn v. Rendell*, 990 A.2d 100, 105 (Pa. Cmwlth. 2010) ("sovereign immunity does not bar a declaratory judgment action"). Therefore, to the extent that the Commission's objection is that Brimmeier's mandamus and/or declaratory judgment actions are barred by sovereign immunity, it is overruled.

Relative to Brimmeier's breach of contract and contract-related promissory estoppel[7] claims, in Section 1702(b) of the Commonwealth Procurement Code (Procurement Code),[8] 62 Pa.C.S. § 1702(b), the General Assembly waived immunity from claims that fall under the Board of Claims' jurisdiction. The Board of Claims has exclusive jurisdiction to arbitrate claims arising from "[**a**] **contract entered into by a Commonwealth agency** . . . ." 62 Pa.C.S. § 1724(a)(1) (emphasis added). The Procurement Code defines "[**c**]**ontract**," in relevant part, as "[a] type of **written agreement** . . . **for the procurement . . . of** . . . **services** . . . executed by all parties in accordance with the act of October 15, 1980 (P.L. 950, No. 164), known as

---

[7] Promissory estoppel is an equitable doctrine that "makes otherwise unenforceable agreements binding[.]" *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000). Promissory estoppel "sounds in contract law[.]" *Id.* "This Court has [] broadly construed the [**Board of Claim's**] **jurisdiction** to **include claims for damages on the theories of promissory estoppel** and quasi-contract." *Telwell, Inc. v. Pub. Sch. Emps. Ret. Sys.*, 88 A.3d 1079, 1086 (Pa. Cmwlth. 2014) (emphasis added); *see also Dep't of Health v. Data-Quest, Inc.*, 972 A.2d 74 (Pa. Cmwlth. 2009).

[8] 62 Pa.C.S. §§ 101-2311.

6

the Commonwealth Attorneys Act."[9]  62 Pa.C.S. § 103 (emphasis added).  "**Services**" are defined in relevant part therein as "[t]he furnishing of labor, time or effort by a contractor . . .  [but **the term**] **does not include employment agreements** . . . ."  *Id.* (emphasis added).   Accordingly, this Court has concluded "that with respect to Section 1724(a)(1) of the [Procurement] Code, the . . . definitions of 'contract' and 'services' in Section 103 of the [Procurement] Code . . . bar from the exclusive jurisdiction of the Board [of Claims] claims arising from employment contracts entered into by the Commonwealth."  *Dubaskas v. Dep't of Corr.*, 81 A.3d 167, 177 (Pa. Cmwlth. 2013); *see also Armenti v. Pa. State Sys. of Higher Educ.*, 100 A.3d 772 (Pa. Cmwlth. 2014).   Because Brimmeier herein bases his contract breach and promissory estoppel claims upon a purported employment agreement, they are barred by sovereign immunity.   Accordingly, we sustain the Commission's sovereign immunity objection to Counts III and IV of the Complaint.

The Commission also objects on the basis that Brimmeier's misrepresentation claim is barred by sovereign immunity.  In Count V of the Complaint, Brimmeier avers:

> 46.  At all times relevant hereto, the [Commission] knew or should have reasonably expected that the promises and assurances made by the [Commission] to [Brimmeier] would be relied upon by [Brimmeier], including but limited to the representations in the [Commission]'s Policies and Procedures.
>
> 47. [Brimmeier] was entitled to rely upon the representations set forth in said Policies and Procedures and reasonably and detrimentally did so rely.
>
> 48. The misrepresentations of the [Commission] to [Brimmeier] were intentionally made.
>
> 49. The misrepresentations of the [Commission] to [Brimmeier] were negligently made.

---

[9] Act of October 15, 1980, P.L. 950, *as amended*, 71 P.S. §§ 732-101 – 732-506.

50. The misrepresentations of the [Commission] to [Brimmeier] were innocently made.

51. The [Commission]'s breach of said representations has damaged [Brimmeier].

Complaint ¶¶ 46-51.

The Pennsylvania Supreme Court has recognized that "a misrepresentation may be actionable pursuant to three theories: Intentional Misrepresentation, Negligent Misrepresentation, and Innocent Misrepresentation." *Bortz v. Noon*, 729 A.2d 555, 560 (Pa. 1999).

The elements of intentional misrepresentation are as follows:

(1) A representation;

(2) which is material to the transaction at hand;

(3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false;

(4) with the intent of misleading another into relying on it;

(5) justifiable reliance on the misrepresentation; and,

(6) the resulting injury was proximately caused by the reliance.

*Id.* at 560.

Negligent misrepresentation requires proof of: (1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and; (4) which results in injury to a party acting in justifiable reliance on the misrepresentation.

*Id.* at 561. Both intentional misrepresentation and negligent misrepresentation are torts. *See Bortz*; *see also Gibbs v. Ernst*, 647 A.2d 882 (Pa. 1994). "[N]egligent misrepresentation differs from intentional misrepresentation in that to commit the former, the speaker need not know his or her words are untrue, but must have failed

to make reasonable investigation of the truth of those words. *See* Restatement (Second) of Torts § 552." *Gibbs*, 647 A.2d at 890.

Section 8522(a) of what is commonly referred to as the Sovereign Immunity Act (Act)[10] provides, in relevant part:

> **Liability imposed.--**The General Assembly, pursuant to section 11 of Article I of the Constitution of Pennsylvania, does hereby waive, in the instances set forth in subsection (b) only and only to the extent set forth in this subchapter and within the limits set forth in [S]ection 8528 [of the Judicial Code] (relating to limitations on damages), sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa.C.S. § 8522(a). In Section 8522(b) of the Act, the General Assembly waived sovereign immunity for damages caused in nine specific instances not applicable in the instant case.[11] 42 Pa.C.S. § 8522(b). Moreover, this Court has declared that "state employees do not lose their immunity for intentional torts, provided they are acting within the scope of their employment." *Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013). Thus, under the circumstances represented in Brimmeier's Complaint, the Commission is immune from Brimmeier's intentional misrepresentation and negligent misrepresentation claims. Accordingly, the Commission's sovereign immunity objection to Brimmeier's intentional misrepresentation and negligent misrepresentation claim are sustained.

---

[10] 42 Pa.C.S. §§ 8521-8528.

[11] A Commonwealth party may be liable under Section 8522(b) of the Act for damages due to: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) toxoids and vaccines. *See* 42 Pa.C.S. § 8522(b).

"A claim for a misrepresentation, innocently made, to the extent recognized in this Commonwealth, is an equitable doctrine based upon contract principles supporting equitable recision to make a contract voidable by the innocent party, where appropriate[.]" *Bortz,* 729 A.2d at 564. Innocent misrepresentation claims are brought to rescind real estate transactions. "[W]e have found no cases in which this Court adopted [an innocent misrepresentation] theory as a basis to award monetary damages for tort recovery." *Id.* Thus, there is no legal basis on which this Court may apply the innocent misrepresentation doctrine or award money damages for it in the instant context. Even if there was such grounds, to the extent that Brimmeier's innocent misrepresentation claim is based upon a purported employment contract, it is barred by sovereign immunity. Accordingly, we sustain the Commission's sovereign immunity objections to Count V of the Complaint.

### Demurrer to Count I - Mandamus Relief Claim

In Count I of the Complaint, Brimmeier alleges:

22. [The Commission] has a mandatory and legal duty to fairly and reasonably apply Policy 10.4 to Brimmeier's request for the reimbursement of the subject legal fees and costs incurred in the successful defense to the subject criminal charges which were filed against him, including 'indemnification to the fullest extent permitted by law.'

23. [Brimmeier] has a specific and personal interest in the result of this mandamus action and has a clear and undisputable legal right to the relief demanded herein.

24. The [Commission's] actions were arbitrary, vexatious and conducted in bad faith thereby entitling [Brimmeier] to an award of attorney's fees.

25. [Brimmeier] does not have another adequate or appropriate remedy.

10

Complaint ¶¶ 22-25. Brimmeier asks this Court to "enter a [w]rit of [m]andamus directed to the [Commission] compelling payment of [$300,261.00]." Complaint Count I *ad damnum* clause.

> In support of his claim, Brimmeier represents that
>
> Policy 10.4 expressly states that it is meant to be construed broadly. In pertinent part, it provides: 'It is the policy of the [Commission] to provide legal representation and indemnification to the fullest extent permitted by law to all employees who are named as defendant[s] in any civil or criminal matters which arise out of actions taken in good faith by the employer in the performance of their duties.'

Complaint ¶ 17. Brimmeier claimed that dismissal/*nolle prosequi* proved that "there was absolutely no basis in law or fact for the [O]riginal [C]harges filed against [him] and his defense of those counts was successful." Complaint ¶ 16. Accordingly, Brimmeier contends that, pursuant to Policy 10.4, he "is eligible for reimbursement of the fees and costs paid to successfully defend the [Original C]harges." Complaint ¶ 16.

> This Court has held:
>
> The common law writ of mandamus lies to compel an official's performance of a ministerial act or a mandatory duty. *McGill v. P[a.] Dep['']t of Health, Office of Drug [&] Alcohol Programs,* 758 A.2d 268, 270 (Pa. Cmwlth. 2000). 'The burden of proof falls upon the party seeking this extraordinary remedy to establish his legal right to such relief.' *Werner v. Zazyczny,* . . . 681 A.2d 1331, 1335 ([Pa.] 1996). Mandamus requires '[1] a clear legal right in the plaintiff, [2] a corresponding duty in the defendant, and [3] a lack of any other adequate and appropriate remedy at law.' *Crozer Chester Med[.] C[tr.] v. . . . Bureau of Workers' Comp[.], Health Care Serv[s.] Review Div[.],* . . . 22 A.3d 189, 193 ([Pa.] 2011) (citations omitted). Mandamus is not available to establish legal rights but only to enforce rights that have been established.

*Sinkiewicz v. Susquehanna Cnty. Bd. of Comm'rs*, 131 A.3d 541, 546 (Pa. Cmwlth. 2015). "Mandamus is not used to direct the exercise of judgment or discretion of an official in a particular way."[12] *Clark v. Beard*, 918 A.2d 155, 159 (Pa. Cmwlth. 2007). Accordingly, "[a]s a high prerogative writ, **mandamus is** rarely issued[,] and **never to interfere with a public official's exercise of discretion**." *Sinkiewicz*, 131 A.3d at 546 (emphasis added).

Here, Brimmeier represented in the Complaint that "the Commission **may** authorize the reimbursement of legal fees" **when certain conditions are met**. Complaint ¶ 15 (emphasis added). The United States Supreme Court declared that "the 'word 'may' clearly connotes discretion.'" *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, ___ U.S. ___, ___, 136 S.Ct. 1923, 1931 (2016) (quoting *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005)). Based upon our strict reading of the Complaint, the Commission had the discretion to reimburse Brimmeier for legal fees and costs he incurred in defending the Original Charges. Because this Court is not authorized to order the Commission to exercise its judgment in a particular way, *Clark*, Count I of Brimmeier's Complaint fails to state a claim upon which relief may be granted. Therefore, the Commission's Second Preliminary Objection relative to the Complaint Count I is sustained.

### Demurrer to Count II - Declaratory Relief Claim

In Count II of the Complaint, Brimmeier seeks declaratory relief requesting this "Court to award a peremptory judgment directing the [Commission] to pay the requested attorney's fees and costs." Complaint ¶ 32. He further "requests

---

[12] "[I]n the context of a discretionary act, a court can issue such a writ to mandate the exercise of [its] discretion in some fashion, but not to require that it be exercised in a particular manner." *Sever v. Dep't of Envtl. Res.*, 514 A.2d 656, 660 (Pa. Cmwlth. 1986) (quoting *U.S. Steel Corp. v. Papadakos,* 437 A.2d 1044, 1046 (Pa. Cmwlth. 1981)).

this Honorable Court [to] enter judgment in his behalf and against the [Commission] in an amount in excess of $35,000[.00] plus interest, costs and reasonable attorney's fees." Complaint Count II *ad damnum* clause.

Section 7532 of the Declaratory Judgments Act, provides: "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42 Pa.C.S. § 7532.

> The purpose of the Declaratory Judgments Act is to 'settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and is to be liberally construed and administered.' 42 Pa.C.S. § 7541(a). An action brought under the Declaratory Judgments Act 'must allege an interest by the party seeking relief which is direct, substantial and present[13] . . . and must demonstrate the existence of an actual controversy related to the **invasion or threatened invasion of one's legal rights**.' *Bowen v. Mount Joy T*[*wp.*]*,* . . . 644 A.2d 818, 821 . . . [(Pa. Cmwlth. 1994)]. Granting or denying an action for a declaratory judgment is committed to the sound discretion of a court of original jurisdiction.

*GGNSC Clarion LP v. Kane*, 131 A.3d 1062, 1064 n.3 (Pa. Cmwlth. 2016) (emphasis added). In essence, "[d]eclaratory judgments are . . . judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." *Burke v. Indep. Blue Cross*, 128 A.3d 223, 228 (Pa. Super. 2015) (quoting *Wagner v. Apollo Gas Co.,* 582 A.2d 364, 365 (Pa. Super. 1990)). "Under the Declaratory Judgments Act, a litigant may obtain a declaration of his rights as to a

---

[13] A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014).

particular controversy without any consequential relief being awarded. 42 Pa.C.S. § 7532." *Fawber v. Cohen*, 532 A.2d 429, 434 (Pa. 1987).

However, Brimmeier has failed to plead an existing legal right over which there exists an actual case or controversy. First, it is unclear on the face of the Complaint: (1) whether Policy 10.4 creates a legal right in Brimmeier, when doubt exists regarding whether Brimmeier's plea constituted a successful defense, and when Policy 10.4's application is at the Commission's discretion; or (2) whether a deemed denial can be based upon the Commission's purported verbal denial.

Second, jurisdictional determinations must be made based upon the substance rather than the styling of the complaint. *Miles v. Beard*, 847 A.2d 161 (Pa. Cmwlth. 2004); *see also Stackhouse v. Pa. State Police*, 832 A.2d 1004 (Pa. 2003). Here, Brimmeier seeks a **declaration** from this Court "**directing the [Commission] to pay** the requested attorney's fees and costs," and also seeks an additional $35,000.00 in damages. Complaint ¶ 32 (emphasis added). This Court does not have jurisdiction over tort claims against Commonwealth agencies for money damages. *Stackhouse*; *Balshy v. Rank*, 490 A.2d 4151 (Pa. 1985).

> [A]lthough one might argue that what [Brimmeier] really wants is a [declaration] rather than money damages, *he* is the one who included a request for money damages in his [C]omplaint. It is not our function to ignore a portion of his request for relief so that original jurisdiction can be vested in this Court.

*Miles*, 847 A.2d at 165. Therefore, although Brimmeier may intend to be seeking equitable relief with his declaratory judgment claim, because on the face of the Complaint, the relief is directly associated with money damages arising from his purported tort claims, the declaratory judgment claim is not properly before this Court. *See Stackhouse*; *see also Miles*.

14

Under the circumstances, because Count II of Brimmeier's Complaint fails to state a viable claim for declaratory relief, we sustain the Commission's Second Preliminary Objection relative to the Complaint Count II.[14]

### Commission's Third Preliminary Objection – Motion to Strike

The Commission is also seeking to have Counts III and IV of the Complaint stricken pursuant to Pennsylvania Rule of Civil Procedure No. (Rule) 1028(a)(2) on the basis that they fail to conform to law or rule of court, specifically because they are not sufficiently specific.[15]

Initially, "Pennsylvania is a fact-pleading state." *Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 694 n.14 (Pa. 2014). Rule 1019(a) specifies that "[t]he material facts on which a cause of action . . . is based shall be stated in a concise and summary form." Pa.R.C.P. No. 1019(a). The Pennsylvania Supreme Court has explained that "[a]lthough the rules of civil procedure are to be liberally construed, *see* Pa.R.C.P. [No.] 126, the complaint must nonetheless apprise the defendant of the claim being asserted and summarize the essential supporting facts." *Bricklayers*, 90 A.3d at 694. "Use of boilerplate allegations defeats the primary purpose of pleading under our rules of procedure." *Clay v. Advanced Computer Applications, Inc.*, 536 A.2d 1375, 1382 (Pa. Super.

---

[14] Our Supreme Court disapproves of this Court transferring this case back to the trial court.

> In *Balshy,* this [Supreme] Court noted that it disapproved of one court being transferred a case and then attempting to retransfer the matter back to the court where the matter was originally filed because of a lack of jurisdiction. Instead, the proper practice in such cases would be to dismiss the action and for the parties to take an appeal.

*Hill v. Pa. Dep't of Envtl. Prot.*, 679 A.2d 773, 774 n.1 (Pa. 1996).

[15] Although we have sustained the Commission's sovereign immunity objections to Counts III and IV of the Complaint, in the interest of a thorough analysis, we also address the Commission's motions to strike those claims.

1988), *rev'd in part,* 559 A.2d 917 (Pa. 1989). Accordingly, this Court has held that a failure to adequately plead a claim "can, and typically does, result in the dismissal of the claim and/or cause of action." *Allen v. State Civil Serv. Comm'n*, 992 A.2d 924, 927 (Pa. Cmwlth. 2010).

### Motion to Strike Count III - Breach of Contract

The Commission specifically contends that Brimmeier's Count III breach of contract claim should be stricken due to Brimmeier's failure to attach a copy of the contract upon which he relies.

Indeed, "[i]n a claim for breach of contract, the plaintiff must allege that '**there was a contract**, the defendant breached it, and plaintiff[] suffered damages from the breach.'" *Discover Bank v. Stucka*, 33 A.3d 82, 87 (Pa. Super. 2011) (emphasis added) (quoting *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010)). Rule 1019 further requires, in relevant part:

> (h) When any claim or defense is based upon an agreement, the pleading **shall state specifically if the agreement is oral or written**.
>
> > *Note:* If the agreement is in writing, it must be attached to the pleading. See subdivision (i) of this rule.
>
> (i) When any claim or defense is based upon a writing, the pleader **shall attach a copy of the writing**, or the material part thereof . . . .[16]

Pa.R.C.P. No. 1019 (emphasis added).

> Where a plaintiff seeks to recover on an oral agreement, it is particularly important that the **pleading at least identify in as specific detail as possible the date of the agreement**

---

[16] Rule 1019(i) specifies that "if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance in writing." Pa.R.C.P. No. 1019(i).

**and the individuals involved**.[17] . . . This is a pleading requirement that **cannot be avoided by merely asserting that the defendant already knows the material facts** that have been omitted from the pleading.

*Pratter v. Penn Treaty Am. Corp.*, 11 A.3d 550, 563–64 (Pa. Cmwlth. 2010) (emphasis added). If, however, a claim is based upon a written agreement, "a complaint **should be stricken for failure to attach** [the] **essential document**." *Adamo v. Cini*, 656 A.2d 576, 579 (Pa. Cmwlth. 1995) (emphasis added).

> Brimmeier pled his breach of contract claim as follows:
>
> 34. [Brimmeier] entered into a contract with the [Commission] by and through his employment with the [Commission].
>
> 35. The parties had a mutual understanding that [Brimmeier] would perform the duties of his office for the [Commission] and in exchange therefore would receive consideration in the form of salary and benefits.
>
> 36. The terms of the contract included but were not limited to the provisions of the Policies and Procedures of the [Commission] as previously set forth herein.
>
> 37. [Brimmeier] was entitled to rely upon the representations set forth in said Policies and Procedures and reasonably did so rely.
>
> 38. [Brimmeier] at all times relative hereto performed his duties pursuant to the contract between the parties.

---

[17] In *Pratter v. Penn Treaty American Corp.*, 11 A.3d 550 (Pa. Cmwlth. 2010), this Court explained that details relating to the agreement's date and the individuals involved

> will enable a[n agency] defendant faced with a claim based on an alleged oral agreement to investigate the claim and, in particular, speak with those who have allegedly entered into the oral agreement at issue. Based on this investigation, the [agency] defendant will be better positioned to respond to the allegations and assert defenses to the claim.

*Id.* at 563-64.

39. The [Commission] committed a breach of contract by refusing and/or failing to reimburse [Brimmeier] for the subject legal fees and costs.

Complaint ¶¶ 34-39.

Nowhere in the Complaint in general, or in Count III in particular, does Brimmeier specify whether his purported agreement with the Commission was oral or written. Thus, whether or not the purported agreement was oral or in writing, he failed to state a viable contract claim. Moreover, if the alleged contract was in writing, Brimmeier also failed to attach a copy of it to the Complaint. Because Brimmeier failed to plead facts sufficient to support a breach of contract claim with the requisite level of specificity required by Rule 1019, and the Commission's sovereign immunity precludes Brimmeier's amendment to cure the defect, we hold that Count III of the Complaint must be stricken. Thus, the Commission's objection to Count III of the Complaint is sustained.

**Motion to Strike Count IV – Promissory Estoppel**

The Commission also contends that Brimmeier's Count IV promissory estoppel claim should be stricken due to Brimmeier's impermissibly vague pleading.

Initially, "[t]o seek relief under the doctrine of promissory estoppel, plaintiffs must plead all facts necessary to support such a claim in their complaint." *Widener Univ. v. Fred S. James & Co., Inc.*, 537 A.2d 829, 832 (Pa. Super. 1988).

> To maintain a claim for promissory estoppel (Count [IV]), [Brimmeier] will be required to prove the following: '(1) the promisor made a promise that would reasonably be expected to induce action or forbearance on the part of the promisee; (2) the **promisee actually took action** or refrained from taking action **in reliance on the promise**; and (3) injustice can be avoided only by enforcing the promise.'

*Pratter*, 11 A.3d at 562 (emphasis added) (quoting *Peluso v. Kistner,* 970 A.2d 530, 534 (Pa. Cmwlth. 2009)).

> In Count IV of the Complaint, Brimmeier avers:
>
> 41.  At all times relevant hereto, the [Commission] knew or should have reasonably expected that the promises and assurances made by the [Commission] to [Brimmeier] would be relied upon by [Brimmeier], including but [sic] limited to the representations in the [Commission]'s Policies and Procedures.
>
> 42. [Brimmeier] was entitled to rely upon the representations set forth in said Policies and Procedures and reasonably and detrimentally did so rely.
>
> 43. The [Commission]'s representations to [Brimmeier] were false, fraudulent and misleading.
>
> 44.  The [Commission]'s breach of said representations has damaged [Brimmeier].

Complaint ¶¶ 41-44.  Although Brimmeier generally states in Count IV that he relied to his detriment upon the Commission's representations in its Policies and Procedures, the Complaint "does not aver what detriment [he] suffered on the faith of [the Commission's purported] promise.[18]  As such, the [C]omplaint is not legally sufficient to sustain a claim of promissory estoppel." *Di Sante v. Russ Fin. Co.*, 380 A.2d 439, 441 (Pa. Super. 1977).  Because Brimmeier failed to plead facts sufficient to support a promissory estoppel claim with the requisite level of specificity required by Rule 1019, and the Commission's sovereign immunity precludes Brimmeier's amendment to cure the defect, we hold that Count IV of the Complaint must be stricken.  Thus, the Commission's objection to Count IV of the Complaint is sustained.

---

[18] Without more specific pleading, this Court would be hard-pressed to hold that Brimmeier could reasonably rely upon the Commission's discretionary reimbursement policy in the first instance, or that any perceived promise of reimbursement was the only reason Brimmeier sought legal counsel against the criminal charges.

19

## Conclusion

Based on the foregoing, the portion of the Commission's Second Preliminary Objection that the Commission is immune from Brimmeier's claims are overruled as to Counts I and II of the Complaint, but are sustained as to Counts III, IV and V. The Second Preliminary Objection demurrer to Counts I and II are sustained. The Commission's Third Preliminary Objection motions to strike Counts III and IV are sustained. Because the Commission's objections to all five counts of Brimmeier's Complaint are sustained, his Complaint is dismissed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joseph George Brimmeier, III, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Turnpike Commission, | : | No. 257 M.D. 2016 |
| Respondent | : | |

### O R D E R

AND NOW, this 19th day of September, 2016, the Pennsylvania Turnpike Commission's (Commission) Preliminary Objections to Joseph George Brimmeier, III's (Brimmeier) Complaint are sustained. Brimmeier's Complaint is dismissed.

_____
ANNE E. COVEY, Judge