IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                           :
                    Petitioner            :
                                          :
        v.                                :        No.  481 M.D. 2020
                                          :
Department of Corrections,                :        Submitted: July 5, 2024
                    Respondent            :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: August 30, 2024


        Before this Court in our original jurisdiction are the preliminary objections (POs) filed by the Department of Corrections (DOC) to the petition for review (PFR) filed by Robert Fennell, *pro se* (Petitioner), in which he challenges the DOC's process for handling incoming mail.  For the reasons that follow, we sustain the DOC's PO for insufficient specificity in a pleading and dismiss the PFR with prejudice.

## I. **Background**

        The relevant facts and procedural history of this case are as follows. Petitioner is an inmate at the State Correctional Institution (SCI) Camp Hill.  On November 25, 2019, he filed a PFR in this Court challenging the DOC's mail policy based on a memorandum he received in September of 2018 while incarcerated at SCI-

Smithfield.[1]  According to Petitioner, this memorandum was addressed to all inmates[2] and advised that the original versions of inmate mail would be sent to a third-party vendor for copying and that inmates would receive the copies rather than the original documents, which would be destroyed after 45 days.  Petitioner contends that this mail policy violates the United States Postal Service (USPS) "Postal Operations Manual" and criminal statute 18 U.S.C. § 1702, which prohibits interference with mail delivery.[3]  (PFR, at 1-2.)  Specifically, he alleged:

> On September 7, 2018 (Friday), Petitioner received a memo addressed to all inmates informing petitioner that his mail will be redirected to a company located in Florida, where the original will be copied and destroyed after 45 days and the copy will be sent to petitioner's current address. . . .
>
> Furthermore, [neither] [P]etitioner nor the [USPS] gave the [DOC] the authority to forward to an address where the addressee does not reside, nor to copy/and subsequently destroy mail addressed to [P]etitioner. []

---

[1] This matter was previously docketed at 187 C.D. 2020, on appeal from an order entered in the Court of Common Pleas of Huntingdon County dismissing Petitioner's "MOTION FOR AN ORDER DIRECTING THE [DOC] TO CEASE AND DISIST THE FORWARDING OF PETITIONER'S MAIL TO ANOTHER ADDRESS."  On August 27, 2020, this Court vacated the Huntingdon County Court's order and transferred this case to our original jurisdiction, treating Petitioner's motion as a PFR.  (Order, 8/27/20, at 1.)

[2] Petitioner does not identify the author of the memorandum or attach a copy of it to the PFR.

[3] This statute provides as follows:

> Whoever takes any letter, postal card, or package out of any post office or any authorized depository for mail matter, or from any letter or mail carrier, or which has been in any post office or authorized depository, or in the custody of any letter or mail carrier, before it has been delivered to the person to whom it was directed, with design to obstruct the correspondence, or to pry into the business or secrets of another, or opens, secretes, embezzles, or destroys the same, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1702.

Section §1702 of title 18 of the U.S. Code makes it a crime to take, open, destroy/or secrete/with the intent to obstruct someone's correspondence or pry into someone's business or secrets/before the mail is delivered to the person to whom it was directed. *See* 18 U.S.C.A.§1702

Thus by the [DOC] re-directing all of petitioners mail to another agency, then copying and destroying the original after 45 days clearly violates several State and Federal Laws. *See* Pa.R.A.P. 121 (Proof of Service) which requires the current address of [P]etitioner.

(PFR, at 1-2.)

Petitioner attaches as exhibits excerpts of USPS manuals and directives showing dates ranging from 1999 until 2011 as well as the text of 42 U.S.C. §1702. Petitioner seeks an order directing the DOC to discontinue the mail policy or, in the alternative, staying the policy until this litigation has been resolved.

The DOC filed POs to the PFR on March 15, 2023, averring that the PFR failed to conform to law and lacked specificity, and that Petitioner failed to state a claim upon which relief may be granted. By order entered May 11, 2023, this Court directed the parties to file briefs addressing the POs by June 12, 2023. Petitioner filed a response on July 11, 2023, acknowledging that his PFR is "not the model of clarity" but generally averring that it appropriately "states claims against [the DOC]." (Answer, 7/11/23, at 3). Petitioner did not submit a brief developing his claims, despite this Court's grant of three extensions of time for him to file.

## II. Analysis[4]

## PO for Insufficient Specificity in a Pleading

Because it is dispositive, we begin by addressing the DOC's PO averring lack of specificity of the PFR pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(3).[5] In particular, the DOC maintains that Petitioner's factual allegations consist merely of short, conclusory statements, which fail to put it on notice of the specific legal actions against which it must defend itself. The DOC further contends Petitioner has not demonstrated the applicability of Section 1702 to the DOC, and that it is fundamentally inappropriate for Petitioner to assert a criminal claim by way of a civil action. With regard to the USPS directives cited by Petitioner, the DOC argues that he fails to explain how the "Postal Operations Manual" governs the DOC's operations as opposed to the USPS, and that he has not established the veracity of the manuals and directives attached to the PFR. (DOC's Br., at 11-12.)[6]

We begin by reiterating that in ruling on POs, this Court must accept as true all **well-pleaded** material allegations in the PFR, as well as all inferences reasonably deduced therefrom. *Buoncuore v. Pennsylvania Game Commission*, 830 A.2d 660, 661 (Pa. Cmwlth. 2003). However, we "need not accept as true conclusions

---

[4] When considering POs, "we accept as true all well-pleaded material facts in the petition for review and all reasonable inferences deducible from those facts." *Kaba v. Berrier*, 275 A.3d 85, 88 (Pa. Cmwlth. 2022). We will sustain a PO "only when it is clear and free from doubt that the facts as pleaded are legally insufficient to establish a right to relief." *Id.*

[5] Rule 1028 states in relevant part: "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . (3) insufficient specificity in a pleading." Pa.R.Civ.P. 1028(a)(3).

[6] With respect to Petitioner's *pro se* status, we note that although pleadings filed by unrepresented litigants must be construed liberally, a party "is not to be given any particular advantage because of his lack of knowledge of the law." *Young v. Estate of Young*, 138 A.3d 78, 87 (Pa. Cmwlth. 2016).

of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.*

With respect to the requirements for the content of a PFR, "Pennsylvania is a fact-pleading state." *Brimmeier v. Pennsylvania Turnpike Commission*, 147 A.3d 954, 967 (Pa. Cmwlth. 2016). The Pennsylvania Supreme Court has explained that although the Rules of Civil Procedure are to be liberally construed, the petition for review "must nonetheless apprise the [respondent] of the claim being asserted and summarize the essential supporting facts." *Bricklayers of Western Pennsylvania Combined Funds, Inc. v. Scott's Development Co.*, 90 A.3d 682, 694 (Pa. 2014). A party's use of boilerplate allegations defeats the primary purpose of pleading under our rules of procedure and "a failure to adequately plead a claim can and **typically does result in the dismissal of the claim and/or cause of action**." *Brimmeier*, 147 A.3d at 967 (emphasis added).

To that end, as noted, Rule 1028(a)(3) provides that a party may file POs seeking dismissal of a PFR on grounds of insufficient specificity in the pleading. Pa.R.Civ.P. 1028(a)(3). Under this rule, a PFR must be sufficiently clear, accurate, and complete so as to inform the respondent of the specific basis on which recovery is sought, so that the respondent "may know without question upon what grounds to make [its] defense." *Podolak v. Tobyhanna Township Board of Supervisors*, 37 A.3d 1283, 1288 (Pa. Cmwlth. 2012).

In *Feigley v. Department of Corrections*, 872 A.2d 189 (Pa. Cmwlth. 2005), this Court granted the DOC's PO to a *pro se* inmate's claim that an SCI's system for processing grievances through which he sought a refund for overcharges on purchases of commissary merchandise was "systematically misused" by the DOC and

its agents and was unfairly employed to "deceive, misrepresent, and cover-up the truth in order to shield [the DOC] employees." *Id.* at 196. The *Feigley* Court explained:

> A pleading must be sufficiently specific to enable a responding party to prepare a defense. Further, specific averments, rather than mere notice pleading, are required in matters brought within this Court's original jurisdiction. We agree with the [DOC] that Feigley's vague and sweeping allegations, as quoted above, contain no real factual averments and do not enable the [DOC] to prepare a defense to this Count. Therefore, we will sustain this [PO] on the basis of insufficient specificity.

*Id.* (citations omitted).

Similarly, here, Petitioner has not set forth the specific factual and legal bases for his claims and relies primarily on a memorandum he purportedly received nearly six years ago from an unidentified source while he was incarcerated at a different SCI, along with miscellaneous excerpts from various USPS documents with dates spanning more than a decade. Petitioner additionally fails to explain how the directives of the USPS, a federal government agency, govern DOC operations in state correctional facilities. He instead raises only vague, undeveloped allegations and summarily asserts his entitlement to relief.[7]

With respect to Petitioner's reliance on 18 U.S.C. § 1702, we agree with the DOC that this criminal statute does not create rights for Petitioner and that it is fundamentally inappropriate for him to assert a criminal claim in this civil action. In

---

[7] To the extent that Petitioner is challenging the constitutionality of the DOC's "Smart Communications" mail policy, we note that this Court has found that it is constitutionally valid. *See Ortiz v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 615 M.D. 2018, filed September 14, 2021) (unreported) (rejecting inmate's claim that DOC's policy imposed impermissible burden on his constitutional rights to receive mail and to privacy because original versions of mail were sent to third-party vendor for copying and copies were then sent to him); *see also Romig v. Wetzel*, 309 A.3d 1108, 1113 n.6 (Pa. Cmwlth. 2024) ("An unreported panel decision of Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value. *See* Commonwealth Court Internal Operating Procedure Section 414, 210 Pa. Code § 69.414.").

light of Petitioner's failure to sufficiently define the factual or legal basis of a legitimate cause of action, effectively depriving the DOC of its ability to adequately defend itself, we sustain the DOC's PO for lack of specificity in a pleading. Accordingly, we dismiss the PFR with prejudice.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell, :
          Petitioner :
           :
      v. : No. 481 M.D. 2020
           :
Department of Corrections, :
          Respondent :

## _ORDER_

AND NOW, this 30th day of August, 2024, the preliminary objection filed by the Department of Corrections for insufficient specificity in a pleading is SUSTAINED. Accordingly, the petition for review filed by Robert Fennell is DISMISSED WITH PREJUDICE.

_____
PATRICIA A. McCULLOUGH, Judge