# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MFW Wine Co., LLC, A6 Wine   :
Company, and GECC2 LLC   :
d/b/a/ Bloomsday Cafe   :
      Petitioners   :
         :
   v.      :   No. 251 M.D. 2020
         :   Heard:  April 28, 2020
Pennsylvania Liquor Control Board,   :
      Respondent   :

**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**


**OPINION BY JUDGE BROBSON**     **FILED:  May 1, 2020**


Petitioners MFW Wine Co., LLC (MFW), A6 Wine Company (A6), and GECC2 LLC d/b/a/ Bloomsday Cafe (Bloomsday) (collectively, Petitioners) initiated this action against Respondent Pennsylvania Liquor Control Board (PLCB) in this Court's original jurisdiction, seeking to enforce what Petitioners claim is a statutory right to the direct shipment of special order liquor or alcohol to customers from licensed importers or licensed vendors.[1]  Petitioners also filed an Emergency Motion for Peremptory Judgment in Mandamus and Special Injunctive and Declaratory Relief (Application).[2]  At this Court's direction, PLCB filed a comprehensive answer to the Application.

---

[1] On April 15, 2020, MFW and A6 filed an initial pleading titled "Complaint."  On April 22, 2020, an "Amended Complaint" was filed, adding Bloomsday as a petitioner.  Consistent with the applicable rules of appellate procedure, the Court treats the Amended Complaint as a petition for review directed to this Court's original jurisdiction.  *See* Pa. R.A.P. 1501(a)(3), 1502, 1503.

[2] Consistent with the applicable rules of appellate procedure, the Court has treated Petitioners' motion as an application for special and summary relief.  *See* Pa. R.A.P. 123, 1532.

This Court conducted a remote video hearing on April 28, 2020, by Cisco WebEx®. The parties filed a Joint Stipulation of Facts, which the Court made part of the hearing record. Both parties presented testimonial and documentary evidence. The Application is now ripe for the Court's disposition. The Court is satisfied, upon consideration of the parties' written and oral arguments and the evidence adduced during the hearing, that the Application can be resolved based on the undisputed material facts of record and the governing law.

Act 39 of 2016 (Act 39)[3] made sweeping changes to the Pennsylvania Liquor Code.[4] Prior to the passage of Act 39, those wishing "to purchase a class, variety or brand of liquor or alcohol not currently available from" PLCB could place a "special order" for the item. Section 305(a) of the Liquor Code, 47 P.S. § 3-305(a). The customer, however, was required to pick up the special order at a PLCB store, allowing PLCB to impose a handling fee on the special order, just as it imposes a handling fee on all alcohol that it sells at its stores.

Relevant here is Section 3 of Act 39, which, *inter alia*, amended Section 305(a) of the Liquor Code, 47 P.S. § 3-305(a), to include the following new provision relating to special orders:

> A licensed importer or a licensed vendor may place special orders on behalf of customers and may deliver the orders to customers. *The orders do not need to come to rest at a store, but delivery may not occur until payment for the order has been forwarded to the board and the board has authorized the delivery of the order.* A handling fee may not be assessed by the board on an order delivered directly to a customer. Liability for special orders that do not come to rest at a store, shall, until the order is delivered to the customer, remain with the licensed importer or licensed vendor that placed the order on behalf of the

---

[3] Act of June 8, 2016, P.L. 273.

[4] Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1-101 to 10-1001.

customer. *The board shall, by January 1, 2017, implement a procedure for processing special orders which do not come to rest at a store.* The board may continue to accept special orders at its stores even after the procedure is implemented.

(Emphasis added.) This provision became effective on August 8, 2016.

On July 13, 2016, prior to the effective date of the above special orders amendment to the Liquor Code, the General Assembly passed and the Governor signed Act 85 of 2016 (Act 85),[5] which included omnibus amendments to the Fiscal Code[6] for the stated intent of implementing the 2016-2017 Commonwealth budget. Section 20 of Act 85 added, *inter alia*, Section 1799.2-E to the Fiscal Code, 72 P.S. § 1799.2-E, which provides:

> Notwithstanding the provisions of section 305 of the act of April 12, 1951 (P.L. 90, No. 21), known as the Liquor Code, the Pennsylvania Liquor Control Board *may implement a procedure for processing special orders which do not come to rest at a store by June 1, 2017*.

(Emphasis added.) This addition became immediately effective.

It is undisputed that PLCB has never implemented a procedure for the direct shipment of special orders to customers—not prior to January 1, 2017, not prior to June 1, 2017, not even prior to the hearing on Petitioners' Application. As a result, PLCB has prevented licensed importers and licensed vendors from directly shipping special orders to their customers. Stated otherwise, PLCB has prevented customers from receiving direct shipments of special orders, thereby maintaining the pre-Act 39 regime that requires customers to pick up all special orders at a PLCB store (and pay the corresponding handling fee).

---

[5] Act of July 13, 2016, P.L. 664.

[6] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§ 1-1805.

3

PLCB maintains that it had no mandatory duty to allow these direct shipments under Act 39 in light of Act 85, which PLCB interprets as placing within PLCB the discretion to allow such direct shipments only if and when PLCB decides to implement a processing procedure. Under PLCB's interpretation of Act 85, the June 1, 2017 date provided in the law was merely advisory, in light of the General Assembly's use of the word "may" in the provision. 72 P.S. § 1799.2-E. Although PLCB points to no other law that authorizes it to enact procedures for direct shipment of special orders *after* June 1, 2017, inherent in PLCB's construction of Act 85 is its view that it alone can decide if and when to allow the direct shipment of special orders to customers that Act 39 authorizes.

Petitioners, by contrast, contend that Act 39 expressly authorizes the direct shipment of special orders from licensed vendors and importers to their customers in the Commonwealth as an alternative to PLCB store pickup. The Board's role under Act 39 is to facilitate this statutorily authorized sale and direct shipment by receiving payment for the order and authorizing delivery to the customer. To ensure this happens, Act 39 requires PLCB to implement a procedure to process these orders. Petitioners offer a far more narrow interpretation of Section 1799.2-E of the Fiscal Code. While PLCB contends that Section 1799.2-E effectively eliminated the option of direct shipment of special orders to customers unless and until PLCB decides to implement the program, Petitioners argue that the Fiscal Code amendment merely extended the compliance date by which PLCB must implement a processing procedure from January 1, 2017, to June 1, 2017. In other words, under Section 1799.2-E of the Fiscal Code, PLCB *may* do by June 1, 2017, that which Section 305(a) of the Liquor Code *requires* (shall) the PLCB to do by January 1, 2017.

Principles of statutory construction guide the Court in resolving the parties' dispute. When interpreting a statute, this Court looks to the Statutory Construction

4

Act of 1972, 1 Pa. C.S. §§ 1501-1991, which provides that "[t]he object of all interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa. C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004). "When the words of a statute are clear and free from ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa. C.S. § 1921(c).

"A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa. Cmwlth.), *appeal denied*, 685 A.2d 547 (Pa. 1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa. C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 842 A.2d at 400. Furthermore, it is presumed "[t]hat the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa. C.S. § 1922(1). Finally, under the maxim *noscitur a sociis*, "the meaning of words may be indicated or controlled by those words with which they are associated." *Com. ex rel. Fisher v. Philip Morris, Inc.*, 4 A.3d 749, 756 n.9 (Pa. Cmwlth. 2010), *appeal denied*, 20 A.3d 1213 (Pa. 2011).

The intent of the General Assembly in Act 39 is clear and unambiguous. The General Assembly amended Section 305(a) of the Liquor Code to allow the direct shipment of special orders to customers, bypassing PLCB stores and the associated handling fee that PLCB charges store customers. The General Assembly mandated that PLCB adopt a procedure to implement this intent and do so by January 1, 2017. Although Section 305(a) tacitly confers on the PLCB some discretion on the

procedure that it chooses to implement, it does not authorize the PLCB to *prevent by its inaction* the will of the General Assembly to allow special order direct shipments. The General Assembly does not make its statutory authorization of direct shipment conditioned on the PLCB's agreement with the policy decision.[7] In short, Section 305(a) imposes a mandatory duty on PLCB to allow and facilitate the direct shipment of special orders from licensed vendors and importers to customers as an alternative to pick up at a PLCB store. In this vein, Section 305(a) required PLCB to implement procedures for such direct shipments by January 1, 2017.

Section 1799.2-E of the Fiscal Code and Section 305(a) of the Liquor Code relate to the same subject matter and, therefore, must be construed together, if possible, as one statute. 1 Pa. C.S. § 1932. As with Section 305(a) of the Liquor Code, there is no ambiguity in Section 1799.2-E of the Fiscal Code. The only effect that Section 1799.2-E of the Fiscal Code had on Section 305(a) of the Liquor Code was to slide the compliance date by which PLCB must implement a procedure for direct shipment of special orders from January 1, 2017, to June 1, 2017. Section 1799.2-E of the Fiscal Code is permissive in the sense that it allows, by use of the word "may," PLCB to do by June 1, 2017, what it was required under Section 305(a) of the Liquor Code to do by January 1, 2017.[8] Nothing in

_____

[7] Based on the testimony of PLCB witnesses at the hearing, PLCB has implementation concerns about the direct shipment of alcohol, which range, for example, from confirming that the customer actually receives the product it ordered—and only the product it ordered, in the amount that it ordered—to verifying that the customer who receives the product is of legal age. This Court assumes that the General Assembly considered such concerns when it made its policy decision to authorize direct shipment of special orders. While the Court does not doubt the sincerity of PLCB's concerns, at this point those concerns are irrelevant, at least as to the question of whether special order direct shipping is authorized by law in Pennsylvania. The General Assembly and the Governor have spoken on that question. Although PLCB can, within its lawful authority, implement a procedure for direct shipment that ameliorates, as best as possible, PLCB's lingering concerns, the policy debate is over.

[8] Generally, use of the word "may" in a statute that directs some action by a state agency is construed as permissive. *See A. Scott Enters., Inc. v. City of Allentown*, 142 A.3d 779, 787-88

6

Section 1799.2-E of the Fiscal Code, however, undermines, conflicts with, or alters the other substantive provisions of Section 305(a) relating to direct shipment of special orders. In this regard, there is no clear expression of intent in Section 1799.2-E of the Fiscal Code to eliminate what Section 305(a) of the Liquor Code authorizes and, in its stead, grant PLCB the sole discretion on whether and, if so, when to allow direct shipment of special orders.[9]

In short, Section 305(a) of the Liquor Code and Section 1799.2-E of the Fiscal Code are *in pari materia*. With respect to special orders, the Act 39 amendments to Section 305(a) of the Liquor Code did the following: (a) expressly authorized licensed vendors and importers to ship special orders directly to their customers; (b) directed that payment for such orders be made to PLCB; (c) required PLCB

---

(Pa. 2016); *Brimmeier v. Pa. Turnpike Comm'n*, 147 A.3d 954, 965 (Pa. Cmwlth. 2016). The above construction is not in conflict with this general rule. The General Assembly, through Section 1799.2-E of the Fiscal Code, afforded PLCB *the discretion* to implement the procedure that it required PLCB to implement in Section 305(a) of the Liquor Code by June 1, 2017, instead of January 1, 2017. It did not, however, absolve PLCB of its mandatory duty under Section 305(a) of the Liquor Code to implement the procedure and, as PLCB claims, override the statutory purpose of the Act 39 amendments to Section 305(a) to allow direct shipment of special orders to customers. As a Commonwealth agency, PLCB derives its authority from the legislature. *See Small v. Horn*, 722 A.2d 664, 669 (Pa. 1998) ("Administrative agencies are creatures of the legislature, however, and they have only those powers that are conferred by statute."). Accordingly, the analogy that the Court used during the hearing seems appropriate and, therefore, bears repeating. A parent may give her child additional time to complete his homework—"I told you that you have to have your homework done by 5:00 p.m., but you may now finish it by 8:00 p.m." Such an extension of grace from parent to child does not mean that the child is excused from doing the homework.

[9] In addition to focusing on the General Assembly's use of the word "may," PLCB also directs the Court to the opening phrase of Section 1799.2-E of the Fiscal Code—"Notwithstanding the provisions of section 305"—as further support of its proffered construction. 72 P.S. § 1799.2-E. This language, however, is clearly used to indicate the General Assembly's intent that what follows should not be construed to override conflicting provisions in Section 305(a) of the Liquor Code, if any. As noted above, the only possible conflict between the two sections is the compliance date by which PLCB must implement a procedure to process direct-delivery special orders.

authorization prior to shipment;[10] (d) prohibited PLCB from charging a handling fee for special orders directly shipped to customers; (e) placed liability for all special orders directly shipped to customers on the licensed vendor or importer until delivery to the customer; (f) required PLCB to implement a procedure for processing special orders for direct shipment to customers by January 1, 2017; and (g) allowed PLCB to continue to process special orders at its stores. The only effect Section 1799.2-E of the Fiscal Code had on Section 305(a) of the Liquor Code was to allow PLCB to implement the procedures it is required to implement under Section 305(a) by June 1, 2017, instead of January 1, 2017.

Of the relief sought in the Application, the Court focuses on Petitioners' request for summary relief on its claims for mandamus (Count I) and declaratory judgment (Count III). Applications for summary relief are governed by Rule 1532(b) of the Pennsylvania Rules of Appellate Procedure, which provides: "At any time after the filing of a petition for review in an . . . original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear." "An application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute." *Leach v. Turzai*, 118 A.3d 1271, 1277 n.5 (Pa. Cmwlth. 2015) (en banc), *aff'd*, 141 A.3d 426

---

[10] With respect to PLCB's authority to refuse to process a special order, Section 305(a.1) of the Liquor Code, 47 P.S. § 3-305(a.1), also added by Act 39, provides:

> The board may refuse to process a special order and preclude a vendor or importer from processing a special order, if it appears that the special order is for an item substantially similar to an item that is on the monthly list [of all classes, varieties, and brands of wine available for purchase in PLCB stores] the board publishes . . . or if the board believes that demand for the item is such that it should be made available generally. If the processing of a special order is refused or precluded under this subsection, the item shall be made available through the board in the amount and manner the board deems appropriate.

8

(Pa. 2016). "[I]n ruling on a motion for summary relief, the evidence must be viewed in the light most favorable to the non-moving party and the court may enter judgment only if: (1) there are no genuine issues of material fact; and (2) the right to relief is clear as a matter of law." *Flagg v. Int'l Union, Sec., Police, Fire Prof'ls of Am., Local 506*, 146 A.3d 300, 305 (Pa. Cmwlth. 2016).

The purpose of the Declaratory Judgments Act (DJA)[11] "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations, and [it] is to be liberally construed and administered." 42 Pa. C.S. § 7541. Under the DJA, "any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction . . . arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder." 42 Pa. C.S. § 7533.

Mandamus is an extraordinary writ, reserved for those instances where an agency has failed or refused to perform a ministerial act or a mandatory duty. *Cty. of Carbon v. Panther Valley Sch. Dist.*, 61 A.3d 326, 330 (Pa. Cmwlth. 2013), *appeal denied*, 70 A.3d 812 (Pa. 2013). Mandamus may not be used to establish legal rights, nor may it be used to direct the exercise of discretion or judgment in a particular way. *Brimmeier*, 147 A.3d at 964. To prevail, the petitioner seeking mandamus relief must establish the following: (1) a clear right to relief; (2) a corresponding duty in the respondent; and (3) the lack of any other adequate and appropriate remedy. *Baron v. Dep't of Human Servs.*, 169 A.3d 1268, 1272 (Pa. Cmwlth. 2017) (en banc), *aff'd*, 194 A.3d 563 (Pa. 2018).

As to the proper construction of Section 305(a) of the Liquor Code and Section 1799.2-E of the Fiscal Code, there is no genuine issue of material fact in dispute that prevents the Court from granting summary relief. The Court's

---

[11] 42 Pa. C.S. §§ 7531-7541.

9

construction of these statutes, set forth above, is supported by the clear and unambiguous language chosen by the General Assembly.[12] PLCB's erroneous construction is driven not by what the statutes, read *in pari materia*, provide, but what the agency wishes they provided—*i.e.*, discretion to PLCB to prohibit or indefinitely delay implementation of the direct shipment of special orders to customers. Although PLCB has discretion on what procedure it adopts to implement these transactions, it does not have the discretion to prevent them. Petitioners, therefore, have a clear right to relief in this Court to remedy PLCB's erroneous interpretation of these statutes.

The Court, therefore, will grant declaratory relief to Petitioners under Section 7533 of the DJA, resolving the dispute between PLCB and Petitioners over the proper construction of Sections 305(a) of the Liquor Code and 1799.2-E of the Fiscal Code. Moreover, all of the elements for issuance of a writ of mandamus are present. Mandamus is appropriate where, as is the case here, an agency is operating under a "mistaken view of the law that it has discretion to act when it actually does not." *Weaver v. Pa. Bd. of Prob. and Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997) (en banc) (citing *Cty. of Allegheny v. Cmwlth.*, 490 A.2d 402 (Pa. 1985)); *see also A.S. v. Pa. State Police*, 143 A.3d 896 (Pa. 2016) (affirming award of mandamus based on judicial construction of ambiguous statute). Section 305(a) of the Liquor Code, properly construed, imposes a mandatory duty on PLCB to accept and process special orders for direct shipment to customers. It further imposes a mandatory duty on PLCB to implement a procedure for doing so. PLCB has yet to comply with these mandatory duties, depriving licensed vendors, licensed importers, and

---

[12] As the Court finds the language of the statutes unambiguous, it affords no deference to PLCB's proffered construction. *Seeton v. Pa. Game Comm'n*, 937 A.2d 1028, 1037 (Pa. 2007). ("While an agency's interpretation of an ambiguous statute it is charged with enforcing is entitled to deference, courts' deference never comes into play when the statute is clear.").

customers of their statutory right to direct shipment of special orders permitted under Section 305(a) of the Liquor Code.

For these reasons, the Court will grant, in part, Petitioners' Application. The Court will grant Petitioners summary relief on Count I (Mandamus) and Count III (Declaratory Judgment) of their Amended Complaint. Because this relief provides a fulsome remedy on the merits to Petitioners, the Court will deny Petitioners' Application in all other respects. The Court will not rule at this time on Petitioners' request for monetary damages under 42 Pa. C.S. § 8303,[13] costs, and attorneys' fees. To the extent Petitioners wish to pursue such additional relief, they may do so by separate application.

Finally, the Court recognizes that the time established by the General Assembly for PLCB to implement a direct shipment special order process has long passed. Nonetheless, based on the credible evidence adduced during the hearing, the Court is satisfied that implementing a new process for the direct shipment of special orders authorized by Act 39 is neither as simple as Petitioners suggest nor as complicated (or expensive) as PLCB would have the Court believe. PLCB must be afforded a reasonable amount of time to implement thoughtfully a process, perhaps even an interim one as Petitioners' counsel suggested during the hearing, to provide licensed vendors, licensed importers, and customers a special order direct shipment alternative. The Court is confident that PLCB has the resources and ingenuity to do so without unreasonable delay.

In not setting a deadline for PLCB to act, the Court's restraint is also based in part on PLCB's recent decision to re-open special order pickup at designated PLCB facilities, which PLCB suspended when it closed all PLCB stores in response to the

---

[13] "A person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal." 42 Pa. C.S. § 8303.

11

COVID-19 pandemic and executive action by the Governor. The absence of a direct shipment option for special orders, coupled with the closure of all PLCB stores, had an obvious impact on Petitioners—who, through their unrebutted testimony at the hearing, established that their businesses rely on the sale, purchase, and delivery of special order wines in Pennsylvania.[14] The fact that Petitioners now have some way of selling, ordering, processing, and fulfilling special orders through PLCB, though not all of what Act 39 promised, is an improvement over the recent circumstances that prompted them to initiate this lawsuit.

For these reasons, the Court will not, *at this time*, endeavor to set a date by which time PLCB must comply with the Court's Order.

 

P. KEVIN BROBSON, Judge

---

[14] Although PLCB has raised an objection to Petitioners' standing to maintain this action, the Court is satisfied that Petitioners' interest in the outcome of this litigation surpasses that of the abstract interest of all citizens in procuring PLCB's compliance with the law. Petitioners were, and still are, unquestionably aggrieved by PLCB's erroneous interpretation of Section 305(a) of the Liquor Code and Section 1799.2-E of the Fiscal Code. Petitioners, therefore, have standing to maintain this action. *See William Penn Parking Garage, Inc. v. Pittsburgh*, 346 A.2d 269 (Pa. 1975).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

MFW Wine Co., LLC, A6 Wine       :
Company and GECC2 LLC            :
d/b/a/ Bloomsday Cafe,           :
                   Petitioners   :
                             :
          v.   :  No. 251 M.D. 2020
                             :
Pennsylvania Liquor Control Board,  :
                 Respondent   :

# **O R D E R**

AND NOW, this 1st day of May, 2020, following a video conference hearing on Petitioners' Emergency Motion for Peremptory Judgment in Mandamus and Special Injunctive and Declaratory Relief (Application), for the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the Application is GRANTED in part as follows:

1.     With respect to Count III of the Amended Complaint, the Court grants summary relief in favor of Petitioners and against Respondent Pennsylvania Liquor Control Board (PLCB) and DECLARES that:

     a.     Section 305(a) of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 3-305(a), authorizes licensed vendors and licensed importers to ship special orders directly to customers;

     b.     Section 305(a) of the Liquor Code authorizes PLCB to receive payment for direct shipment special orders and prohibits delivery of the special order to the customer until PLCB authorizes the delivery;

c.     Section 305(a) of the Liquor Code prohibits PLCB from charging a handling fee on a special order delivered directly to a customer;

d.     Section 305(a) of the Liquor Code requires PLCB to implement a procedure to process direct shipment special orders; and

e.     While Section 305(a) of the Liquor Code required PLCB to implement the procedure to process direct shipment special orders by January 1, 2017, Section 1799.2-E of the Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. § 1799.2-E, provided PLCB additional time, until June 1, 2017, to implement the procedure to process direct shipment special orders required by Section 305(a) of the Liquor Code.

2.     With respect to Count I of the Amended Complaint, the Court grants summary relief in favor of Petitioners and against PLCB and ISSUES a writ of mandamus as follows:

a.     PLCB is DIRECTED to comply with Section 305(a) of the Liquor Code by allowing licensed vendors and licensed importers to ship special orders directly to customers;

b.     PLCB is DIRECTED to comply with Section 305(a) of the Liquor Code by implementing a procedure for processing direct shipment special orders—*i.e.*, those that "do not come to rest at a [PLCB] store." 47 P.S. § 3-305(a).

c.     Under Section 305(a) of the Liquor Code, PLCB has the discretion to determine the procedure for processing direct shipment special orders, and nothing in this Order should be construed as directing PLCB how to exercise that discretion.

3.      In all other respects, the Application is DENIED.


_____
P. KEVIN BROBSON, Judge